IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)



| | |
|---|---|
| COLE CONSTRUCTION, LLC.<br>11921 Freedom Drive<br>Reston, VA 20190,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>TURNER CONTRUCTION COMPANY<br>375 Hudson Street<br>New York, NY 10014<br><br>　Serve: CT Corporation System<br>　　　　4701 Cox Road, Suite 285<br>　　　　Glen Allen, VA 23060<br><br>　　　　　　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 1:14CV93<br>　　　　　　　GBL/JFA |

## COMPLAINT

Plaintiff Cole Construction, LLC ("Cole"), as and for its complaint against defendant Turner Construction Company ("Turner") alleges and states as follows:

### PARTIES

1.　Plaintiff Cole Construction, LLC ("Cole") is a corporation organized and existing under the laws of the State of Virginia with principal place of business at 11921 Freedom Drive, Reston, Virginia 20190.

2.　Upon information and belief, Turner Construction Company ("Turner") is a corporation organized and existing under the laws of the State of New York with a principal place of business located at 375 Hudson Street, New York, New York.

## JURISDICTION AND VENUE

3.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. 1332.

4.  Venue is proper in this Court as the construction project at issue herein is located and the worker which is the subject matter of this action was substantially performed at the Inova Fairfax Hospital South Patient Tower, 3300 Gallows Road, Fairfax, Virginia.

## COUNT I
### (Contract Balance)

5.  Upon information and belief, defendant Turner entered into a contract with Inova Health Care Services ("Inova"), acting as owner, whereby Turner was to act as general contractor for the construction of a construction project known as The Inova Fairfax Hospital South Patient Tower located at 3300 Gallows Road, Fairfax, Virginia ("Project").

6.  Pursuant thereto, Turner entered into a subcontract with Cole Construction, LLC whereby Cole was to perform the drywall, ceilings, exterior studs, sheathing, stucco and related work for the Project for an agreed price and reasonable value of $2,860,000 ("Subcontract").

7.  The Subcontract provided that Turner could make changes and modifications to the work and direct Cole to perform extra work and that the Subcontract price would be adjusted accordingly.

8.  Pursuant thereto, Turner issue duly-approved change orders and directed Cole to perform certain other work that was in addition to the work required under the Subcontract adjusting the Subcontract price by the net amount of $507,936.

9.  That by reason of the foregoing, Cole's subcontract value was adjusted to the sum of $3,367,936, no part of which has been paid except for the sum of $2,967,936, leaving a balance due to Cole of $400,000, no part of which has been paid although duly demanded.

10. By reason of the foregoing, Cole is entitled to judgment against Turner in a sum not less than $400,000 plus interest

## COUNT II
### (Quantum Meruit)

11. Cole repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "10" of the Complaint with the same force and effect as though fully set forth herein.

12. Cole, at the specific instance and request of the defendant furnished certain labor, materials and equipment for the carpentry, drywall, ceiling and related work at the Project.

13. Cole furnished the labor, materials and equipment with an expectation of remuneration.

14. There remains due and owing from the defendant to Cole a sum not less than $400,000, no part of which has been paid although duly demanded.

15. Defendant has been unjustly enriched by retaining the benefits of the labor performed and materials and equipment furnished by Cole, without having paid for said labor, materials and equipment.

16. By reason of the foregoing, Cole has been damaged and demands judgment against the defendants in an amount not less than $400,000 together with interest thereon.

## COUNT III
### (Breach of Contract)

17. Cole repeats, reiterates and realleges each and every allegation contained in paragraph "1" through "16" of the Complaint with the same force and effect as though fully set forth herein.

18. That defendant materially breached its obligations under the Subcontract by, *inter alia*, interfering with Cole's performance of its work, by failing to provide adequate and accurate plans and specifications, by issuing many corrective redesigns to overcome the failures in the design, by not timely addressing and correcting design issues, by the issuance of an excessive amount of change orders and extra work, by failing to give Cole timely and proper site availability, by failing to properly monitor and adjust the project schedule, by failing to properly coordinate, supervise and progress the work of the various trades and subcontractors on the project, by requiring Cole to unreasonably accelerate its work and perform its work in a sequence other than as called for and contemplated by the Contract documents, and by failing to pay Cole substantial additional costs incurred in performing changed or extra work and in performing the subcontract work.

19. The impacts and interferences with Cole's work included, but were not limited to, failure to timely arrange for and complete close in inspections, failure to timely enclose the building, failure to properly and timely address water infiltration issues, failure to arrange for the timely delivery of headwalls, failure to provide a concrete superstructure that was within proper tolerance and by allowing the mechanical trades to proceed with their work out of sequence.

20. Defendant's breaches and misrepresentations were deliberate, willful, reckless and grossly negligent and Cole in bidding the subcontract based on the bid documents could not have anticipated or contemplated the long delays, interferences and substantially increased costs resulting from defendant's improper performance of its subcontract obligations.

21. The aforesaid breaches by defendant substantially interfered with Cole's progress and proper performance of its work and caused Cole's work on the Project to be extended well beyond the anticipated completion date.

22. That as a result of the foregoing, Cole's cost of performing the work was substantially and excessively increased by reason of increased costs for labor and material, extended field supervision and field overhead and general overhead costs beyond what it otherwise would have cost to complete the Project, all of which was not contemplated by Cole in submitting its bid for the Project.

23. That by reason of the foregoing, Cole has been damaged in a sum not less than $2,000,000, no part of which has been paid although duly demanded.

**WHEREFORE**, plaintiff Cole Construction LLC demands judgment as follows:

1. On its First Count against the defendant in an amount not less than $400,000, along with interest thereon; and

2. On its Second Count in a sum not less than $400,000; and

3. On its Third Count in a sum not less than $2,000,000; and

4. Together with the costs and disbursements of this action together with such other and further relief as to this court may seem just, proper and equitable.

Dated: 1/28/14

Respectfully submitted,

COLE CONSTRUCTION, LLC

By counsel,

_____
Christopher A. Taggi (VSB No. 41953)
David A. Edelstein (VSB No. 74854)
ASMAR, SCHOR & McKENNA, PLLC
5335 Wisconsin Avenue, N.W., Suite 400
Washington, D.C. 20015
(202) 244-4264
(202) 686-3567 Fax
ctaggi@asm-law.com
dedelstein@asm-law.com
*Attorneys for Plaintiff*